**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10017 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00455-GMN-CWH-1 |
| v. | |
| ALEXANDER GALLEGOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted October 23, 2013[**]

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

Alexander Gallegos appeals from the district court's judgment and

challenges the district court's denial of his third request for a continuance.  We

review the district court's denial of the continuance for abuse of discretion.  *United*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*States v. Wills*, 88 F.3d 704, 711 (9th Cir. 1996). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gallegos contends that the district court erred when it denied him a continuance during his sentencing hearing because a continuance would have allowed him to obtain an expert opinion that might have addressed the issue of causation between his brain injury and his criminal conduct and might have provided a treatment plan to address the court's concern regarding his danger to the community. The district court did not abuse its discretion. Gallegos has not shown that the denial of the continuance prejudiced him. *See Wills*, 88 F.3d at 711; *United States v. Gonzalez–Rincon,* 36 F.3d 859, 865 (9th Cir. 1994). Gallegos also has not identified an expert witness and set forth the substance of the expert testimony that would have been proffered if more time had been afforded to him. *See Gonzalez–Rincon,* 36 F.3d at 865 (holding that district court did not abuse its discretion in denying a continuance where the appellant did not establish the substance of any expert testimony she could have obtained if granted the continuance); *see also United States v. Smith*, 790 F.2d 789, 796 (9th Cir. 1986).

**AFFIRMED**.